**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA**

06-30666

# CHAPTER 13 PLAN
# AND RELATED MOTIONS

Name of Debtor(s):    **Michele Rose O'Rork**                                    Case No:

This plan, dated __**March 28, 2006**__, is:

- ■ the *first* Chapter 13 plan filed in this case.
- ☐ a modified plan, which replaces the plan dated ___.

The plan provisions modified by this filing are:


Creditors affected by this modification are:


**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless written objection is filed on or before __ten (10) days prior to the confirmation hearing__ and the objecting party appears at the confirmation hearing set for   To be set 1100 East Main Street Richmond VA 23219.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$84,855.00**
Total Non-Priority Unsecured Debt: **$81,303.00**
Total Priority Debt: **$1,009.30**
Total Secured Debt: **$64,899.45**

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$100.00 Monthly for 58 months**. Other payments to the Trustee are as follows:   **$3,000.00  lumpsum payment in month 48**  . The total amount to be paid into the plan is $  **8,800.00**  .

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid 10% of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $  **3,229.00**   balance due of the total fee of $  **3,250.00**   concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred case payments pro rata with other priority creditors or in monthly installments as below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **IRS** | **Taxes and certain other debts** | 1,009.30 | Prorata<br>13 months |

3. **Secured Creditors and Motions to Value Collateral.**

    This paragraph provides for claims of creditors who hold debts that (a) regardless of term, are being bifurcated into secured and unsecured portions, (b) do not have a term longer than the length of this plan, or (c) are not secured solely by the debtor(s)' principal residence.

    A. **Collateral to be retained.** The following creditors shall retain their liens and be paid as indicated below. Insurance will be maintained at the debtor(s)' expense, in accordance with the terms of the contract and security agreement. The debtor(s) move to value the collateral as stated below. The Trustee shall pay allowed secured claims the value stated from the date of confirmation until the secured claim is paid in full.  The excess of the creditor's claim over the stated value shall be treated as an unsecured claim.  Upon completion of the plan, the creditor shall release its lien and deliver any certificate of title to the debtor(s). **Unless written objection to the value below is timely filed with the Court, the Court may determine that the collateral is worth the value stated.** If a timely objection is filed, the value will be determined by the Court at the confirmation hearing.

| Creditor | Collateral Description | Collateral Value | Estimated Claim | Interest Rate | Monthly Payment and term* |
|---|---|---|---|---|---|
| -NONE- | | | | | |

*These secured claims will be paid by the Trustee either on a fixed monthly basis as stated or pro rata with other secured claims.*

    B. **Collateral to be surrendered.** Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims.  To the extent that the collateral does not satisfy such creditor's claim, the creditor may hold a non-priority, unsecured claim for a timely filed deficiency claim.  The order confirming the plan shall have the effect of terminating the automatic stay as to the collateral surrendered.

| Creditor | Collateral Description | Estimated Total Claim |
|---|---|---|
| -NONE- | | |

4. **Unsecured Claims.**

    A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately  **5**  %.  If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately   **0.6**   %.

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                                Best Case Bankruptcy

**B.    Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**5.    Long Term Debts and claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

**A.    Debtor(s) to pay claim directly.**  The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Charter One Mortgage | Location: 10035 Brandywine Ave., Richmond, VA 23237<br>Located In: Chesterfield County<br>Tax Assessment for - 86,400.00<br>Debtors Value 80,000<br>House was built on trailer park lot very small lot not even an acre<br>Front porch rotten, no grass | 0.00 | 0.00 | 0% | 0 months | |

**B.    Trustee to pay the contract payments and the arrearages.**  The creditors listed below will be paid by the Trustee the regular contract monthly payments during the term of this plan.  The arrearage claims, if any, will be cured by the Trustee by payments made either pro rata with other secured claims or by fixed monthly payments as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

**6.    Executory Contracts and Unexpired Leases.**  The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

**A.    Executory contracts and unexpired leases to be rejected.**  The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

**B.    Executory contracts and unexpired leases to be assumed.**  The debtor(s) assume the following executory contracts.  The debtor agrees to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Arrearage Payment | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

7. **Motions to Avoid Liens.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis and Amount | Value of Collateral |
|---|---|---|---|
| Direct Merchants Bank | Lien against Real property at 10035 Brandywine Avenue Richmond VA 23237 | None | 0.00 |
| DuPont Fibers FCU | lein against real property | None | 0.00 |
| Wells Fargo Bank | Credit card purchases that received judgement against house | None | 0.00 |

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for informational purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

8. **Treatment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

10. **Incurrence of indebtedness.** During the term of the plan, the debtor(s) shall not incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

11. **Other provisions of this plan:**

**Signatures:**

Dated:    **March 28, 2006**

/s/ Michele Rose O'Rork                                    /s/ Richard J. Oulton
**Michele Rose O'Rork**                                     **Richard J. Oulton**
**Debtor**                                                  **Debtor's Attorney**


**Exhibits:**    Copy of Debtor(s)' Budget (Schedules I and J);
Matrix of Parties Served with plan

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Certificate of Service

    I certify that on __**March 28, 2006**__, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Richard J. Oulton**
**Richard J. Oulton**
Signature

**2655 Osborne Road**
**Chester, VA 23831**
Address

**(804) 796-1777**
Telephone No.

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

**United States Bankruptcy Court**
**Eastern District of Virginia**

In re   **Michele Rose O'Rork**                                    Case No.
                                    Debtor(s)                      Chapter    **13**

# SPECIAL NOTICE TO SECURED CREDITOR

To:   **Direct Merchants Bank**
      **P.O. Box 21222; Tulsa, OK 74121-1222**
      *Name of creditor*

      **Lien against Real property at 10035 Brandywine Avenue Richmond VA 23237**
      *Description of collateral*

1.   The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

     ☐   To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

     ■   To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2.   *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

     Date objection due:                              **10 days prior to confirmation hearing**
     Date and time of confirmation hearing:           **To be set**
     Place of confirmation hearing:                   **1100 East Main Street Richmond VA 23219**

                                        **Michele Rose O'Rork**
                                        *Name(s) of debtor(s)*

                                   By:  **/s/ Richard J. Oulton**
                                        **Richard J. Oulton**
                                        *Signature*

                                        ■ Debtor(s)' Attorney
                                        ☐ Pro se debtor

                                        **Richard J. Oulton**
                                        *Name of attorney for debtor(s)*
                                        **2655 Osborne Road**
                                        **Chester, VA 23831**
                                        *Address of attorney [or pro se debtor]*

                                        Tel. #   **(804) 796-1777**
                                        Fax #    **(804) 796-6831**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this __**March 28, 2006**__ .

                                              **/s/ Richard J. Oulton**
                                              **Richard J. Oulton**
                                              *Signature of attorney for debtor(s)*

Ver. 06/17/05

**United States Bankruptcy Court**
**Eastern District of Virginia**

In re **Michele Rose O'Rork**                                              Case No.
                      Debtor(s)                                              Chapter **13**

# SPECIAL NOTICE TO SECURED CREDITOR

To:
**DuPont Fibers FCU**
**PO 37040; Richmond, VA 23234**
*Name of creditor*

**lein against real property**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

    ☐ To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

    ☒ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **10 days prior to confirmation hearing** |
| Date and time of confirmation hearing: | **To be set** |
| Place of confirmation hearing: | **1100 East Main Street Richmond VA 23219** |

**Michele Rose O'Rork**
*Name(s) of debtor(s)*

By:  **/s/ Richard J. Oulton**
**Richard J. Oulton**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**Richard J. Oulton**
*Name of attorney for debtor(s)*
**2655 Osborne Road**
**Chester, VA 23831**
*Address of attorney [or pro se debtor]*

Tel. #  **(804) 796-1777**
Fax #  **(804) 796-6831**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this  **March 28, 2006**  .

                                          **/s/ Richard J. Oulton**
                                          **Richard J. Oulton**
                                          *Signature of attorney for debtor(s)*

Ver. 06/17/05

**United States Bankruptcy Court**
**Eastern District of Virginia**

In re **Michele Rose O'Rork**
Debtor(s)

Case No.
Chapter **13**

# SPECIAL NOTICE TO SECURED CREDITOR

To: **Wells Fargo Bank**
**PO 5943; Sioux Falls, SD 57117**
*Name of creditor*

**Credit card purchases that received judgement against house**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ☐ To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ■ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **10 days prior to confirmation hearing** |
| Date and time of confirmation hearing: | **To be set** |
| Place of confirmation hearing: | **1100 East Main Street Richmond VA 23219** |

**Michele Rose O'Rork**
*Name(s) of debtor(s)*

By: **/s/ Richard J. Oulton**
**Richard J. Oulton**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Richard J. Oulton**
*Name of attorney for debtor(s)*
**2655 Osborne Road**
**Chester, VA 23831**
*Address of attorney [or pro se debtor]*

Tel. # **(804) 796-1777**
Fax # **(804) 796-6831**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

- ■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

- ☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **March 28, 2006**   .

                                                             /s/ Richard J. Oulton
                                                           **Richard J. Oulton**
                                                           *Signature of attorney for debtor(s)*

Ver. 06/17/05

Form B6I
(10/05)

In re **Michele Rose O'Rork**      Case No. _____
         Debtor(s)

# SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12, or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Separated** | RELATIONSHIP: **Daughter / Son / Daughter** | AGE: **1 / 11 / 4** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Stay at home Mom** | |
| Name of Employer | **Stay at home Mom** | |
| How long employed | **3 years** | |
| Address of Employer | | |

| INCOME: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 0.00 | $ N/A |
| 2. Estimate monthly overtime | $ 0.00 | $ N/A |
| 3. SUBTOTAL | $ 0.00 | $ N/A |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ 0.00 | $ N/A |
|    b. Insurance | $ 0.00 | $ N/A |
|    c. Union dues | $ 0.00 | $ N/A |
|    d. Other (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ N/A |
| 7. Regular income from operation of business or profession or farm. (Attach detailed statement) | $ 0.00 | $ N/A |
| 8. Income from real property | $ 0.00 | $ N/A |
| 9. Interest and dividends | $ 0.00 | $ N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 291.00 | $ N/A |
| 11. Social security or other government assistance (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 12. Pension or retirement income | $ 0.00 | $ N/A |
| 13. Other monthly income (Specify): **Help from Ex In-laws (mortgage payment)** | $ 650.00 | $ N/A |
|    **Help from parents (utility payments)** | $ 109.00 | $ N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 1,050.00 | $ N/A |
| 15. TOTAL MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 1,050.00 | $ N/A |

16. TOTAL COMBINED MONTHLY INCOME:    $ **1,050.00**    (Report also on Summary of Schedules)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Michele O'Rork will be attending John Tyler Comm. College this summer to further her education and afterwards seek employment.**

Form B6J
(10/05)

In re **Michele Rose O'Rork** _____        Case No. _____
                                       Debtor(s)

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

 Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ **650.00** |
|    a. Are real estate taxes included?  Yes **X**  No ___ | |
|    b. Is property insurance included?  Yes **X**  No ___ | |
| 2. Utilities: a. Electricity and heating fuel | $ **110.00** |
|       b. Water and sewer | $ **20.00** |
|       c. Telephone | $ **25.00** |
|       d. Other _____ | $ **0.00** |
| 3. Home maintenance (repairs and upkeep) | $ **0.00** |
| 4. Food | $ **100.00** |
| 5. Clothing | $ **0.00** |
| 6. Laundry and dry cleaning | $ **0.00** |
| 7. Medical and dental expenses | $ **0.00** |
| 8. Transportation (not including car payments) | $ **0.00** |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ **0.00** |
| 10. Charitable contributions | $ **0.00** |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|    a. Homeowner's or renter's | $ **0.00** |
|    b. Life | $ **0.00** |
|    c. Health | $ **0.00** |
|    d. Auto | $ **69.00** |
|    e. Other _____ | $ **0.00** |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|    (Specify) _____ | $ **0.00** |
| 13. Installment payments: (In chapter 11, 12 and 13 cases, do not list payments to be included in the plan.) | |
|    a. Auto | $ **0.00** |
|    b. Other _____ | $ **0.00** |
|    c. Other _____ | $ **0.00** |
|    d. Other _____ | $ **0.00** |
| 14. Alimony, maintenance, and support paid to others | $ **0.00** |
| 15. Payments for support of additional dependents not living at your home | $ **0.00** |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ **0.00** |
| 17. Other _____ | $ **0.00** |
|   Other _____ | $ **0.00** |
| 18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ **974.00** |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
_____

20. STATEMENT OF MONTHLY NET INCOME
| | |
|---|---:|
| a. Total monthly income from Line 16 of Schedule I | $ **1,050.00** |
| b. Total monthly expenses from Line 18 above | $ **974.00** |
| c. Monthly net income (a. minus b.) | $ **76.00** |

```
AFNI, Inc.
404 Brock Drive
P.O. Box 3517
Bloomington, IL 61702


Bank One
P.O. Box 26966
Greensboro, NC 27149


CB USA Sears
Po Box 6189
Sioux Falls, SD 57117


Charter One Mortgage
2812 Emerywood Pkwy
Richmond, VA 23294


Chase
PO 15659
Wilmington, DE 19886


Citgo Gas Card-Citibank
Po Box 6003
Hagerstown, MD 21747


Collect America Ltd
370 17th St Ste 5000
Denver, CO 80202


Direct Merchants Bank
P.O. Box 21222
Tulsa, OK 74121-1222


Dominion Virginia Power
Po Box 26543
Richmond, VA 23290


DuPont Fibers FCU
PO 37040
Richmond, VA 23234


F&w Llc
500 W Madison St Ste 2910
Chicago, IL 60661
```

```
Fingerhut
P.O. Box 166
Newark, NJ 07101


First Usa Bank Na
1001 Jefferson Plaza
Wilmington, DE 19701


Fleet Credit Card
200 Tournament Dr
Horsham, PA 19044


IRS
PO Box 105572
Atlanta, GA 30348


Jc Penney
Po Box 981127
El Paso, TX 79998


KMart
P.O. Box 26808
Greensboro, NC 27429-6808


Kohls
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051


North Star Capital Acquisition
220 John Glenn Drive
Buffalo, NY 14228


Portfolio Recovery
Pob 12914
Norfolk, VA 23541


Providian
P.O. Box 9007
Pleasanton, CA 94566


Target
Retailers National Bank
PO 1581
Minneapolis, MN 55440
```

Unifund/collection Agency
11802 Conrey Rd Ste 200
Cincinnati, OH 45249


Verizon Virginia Inc
Po Box 165018
Columbus, OH 43216


Wells Fargo Bank
PO 5943
Sioux Falls, SD 57117


Wolpoff & Abramson, LLP
Two Irvington Centre
702 King Farm Blvd.
Rockville, MD 20850


Zenith Acqu
3200 Elmwood Avenu Suite 213
Kenmore, NY 14217